FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 22 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 24-1476 WJ |
| vs. | Count 1: 21 U.S.C. § 846: Conspiracy; |
| **TOMAS RUBALCABA,** **JOAQUIN RUBALCABA,** **HUMBERTO GASTELUM,** **FREDERICK CHAVEY,** and **ISMAEL VARGAS,** | Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i): Distribution of 100 Grams and More of Heroin; 18 U.S.C. § 2: Aiding and Abetting; |
| Defendants. | Counts 3-6: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); 18 U.S.C. § 2: Aiding and Abetting; |
| | Count 7: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii): Distribution of 500 Grams and More of a Mixture and Substance Containing Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting; |
| | Count 8: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); |
| | Count 9: 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering. |

INDICTMENT

The Grand Jury charges:

Count 1

From on or about February 2, 2024, and continuing to on or about August 20, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **TOMAS RUBALCABA, JOAQUIN RUBALCABA, HUMBERTO GASTELUM, FREDERICK**

CHAVEY, and **ISMAEL VARGAS,** unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of a controlled substance.

<u>Quantity of Heroin Involved in the Conspiracy</u>

With respect to **TOMAS RUBALCABA** and **HUMBERTO GASTELUM**, the amount of heroin involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 grams and more of heroin, contrary to 21 U.S.C. § 841(b)(1)(B)(i).

<u>Quantity of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) Involved in the Conspiracy</u>

With respect to **TOMAS RUBALCABA, JOAQUIN RUBALCABA, HUMBERTO GASTELUM, FREDERICK CHAVEY,** and **ISMAEL VARGAS**, the amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), contrary to 21 U.S.C. § 841(b)(1)(A)(vi).

<u>Quantity of Methamphetamine Involved in the Conspiracy</u>

With respect to **TOMAS RUBALCABA** and **ISMAEL VARGAS**, the amount of methamphetamine involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. § 841(b)(1)(A)(viii).

In violation of 21 U.S.C. § 846.

Count 2

On or about February 2, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **TOMAS RUBALCABA** and **HUMBERTO GASTELUM**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 100 grams and more of a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i), and 18 U.S.C. § 2.

Count 3

On or about May 30, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **JOAQUIN RUBALCABA** and **FREDERICK CHAVEY**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Count 4

On or about May 31, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **TOMAS RUBALCABA** and **HUMBERTO GASTELUM**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Count 5

On or about June 7, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **JOAQUIN RUBALCABA** and **FREDERICK CHAVEY**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Count 6

On or about June 28, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **JOAQUIN RUBALCABA** and **FREDERICK CHAVEY**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Count 7

On or about July 2, 2024, in Bernalillo County, in the District of New Mexico, the defendants, **TOMAS RUBALCABA** and **ISMAEL VARGAS**, unlawfully, knowingly, and intentionally distributed a controlled substance, and the offense involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 18 U.S.C. § 2.

Count 8

On or about August 20, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **JOAQUIN RUBALCABA**, unlawfully, knowingly, and intentionally distributed a

controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).

Count 9

From on or about January 18, 2024, through on or about August 20, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **TOMAS RUBALCABA, JOAQUIN RUBALCABA, HUMBERTO GASTELUM, FREDERICK CHAVEY**, and **ISMAEL VARGAS**, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, namely:

   a.   to knowingly conduct and attempt to conduct a financial transaction involving the proceeds of a specified unlawful activity, that is, felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, contrary to 21 U.S.C. § 841, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

   b.   to knowingly conduct and attempt to conduct a financial transaction involving the proceeds of a specified unlawful activity, that is, felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, contrary to 21 U.S.C. § 841, knowing that the transaction

        was designed in whole or in part to avoid a transaction reporting requirement under State and Federal law, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

c.     to knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 derived from a specified unlawful activity, that is, felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, contrary to 21 U.S.C. § 841, in violation of 18 U.S.C. § 1957.

Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.     It was part of the conspiracy and scheme to generate proceeds from the selling and otherwise dealing of controlled substances.

2.     It was further part of the conspiracy and scheme to promote the selling and otherwise dealing of controlled substances by acquiring a supply of controlled substances.

3.     It was further part of the conspiracy and scheme to use wires to transfer proceeds from the selling and otherwise dealing of controlled substances to various payees in Mexico to hide true ownership and disguise the nature, source, and control of those assets.

4.     It was further part of the conspiracy and scheme to structure the wire transfers of the proceeds in small increments to avoid reporting requirements under State and Federal law.

5.     It was further part of the conspiracy and scheme to transfer bulk proceeds to Mexico using an intermediary designed to disguise the nature, source, and control of those assets.

6.      It was further part of the conspiracy and scheme to deposit proceeds from the selling and otherwise dealing of controlled substances into bank accounts.

7.      It was further part of the conspiracy and scheme to issue monetary instruments from said bank accounts that were valued in the aggregate of more than $10,000.

In violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATIONS

Counts 1 through 9 of this indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 or 846, the defendants, **TOMAS RUBALCABA, JOAQUIN RUBALCABA, HUMBERTO GASTELUM, FREDERICK CHAVEY,** and **ISMAEL VARGAS**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s) of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

1.      MONEY JUDGMENT

A sum of money representing the property constituting, or derived from, any proceeds that the defendant(s) obtained, directly or indirectly, as a result of the offense(s) set forth in the Count(s) of conviction.

2. REAL PROPERTY

Residence located at 1020 Stinson St. SW. Albuquerque, NM 87121.

3. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence,

b. has been transferred or sold to, or deposited with, a third party,

c. has been placed beyond the jurisdiction of the Court,

d. has been substantially diminished in value, or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Upon conviction of any offense in violation of 21 U.S.C. § 1956, the defendants, **TOMAS RUBALCABA, JOAQUIN RUBALCABA, HUMBERTO GASTELUM, FREDERICK CHAVEY,** and **ISMAEL VARGAS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

The property to be forfeited to the United States includes, but is not limited to, the following:

1. MONEY JUDGMENT

A sum of money representing the property involved in the offense(s) set forth in Count 9 of conviction and any property traceable to such property.

2. REAL PROPERTY

Residence located at 1020 Stinson St. SW, Albuquerque, NM 87121.

3. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence,

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the Court,

    d. has been substantially diminished in value, or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney